IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BYRON HOBBS, | ) | No. C 05-4568 MMC (PR) |
| Plaintiff, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| THOMAS GARRETT, | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Plaintiff, an inmate at the San Francisco County Jail and proceeding pro se, filed the above-captioned civil rights complaint under 42 U.S.C. § 1983 against Thomas Garrett ("Garrett"), another inmate at the jail.  He alleges that Garrett assaulted him.  By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

    Where a plaintiff seeks to proceed in forma pauperis, the district court must dismiss the case if it determines that the complaint "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii).  Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting "under color of state law."  See West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff's complaint fails with respect to the second of these

elements, because the only defendant named in the complaint is a private individual and, as such, does not act "under color of state law." A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49. A private individual, such as another inmate, does not act under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Put another way, for purposes of a civil action, there is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). As the defendant in this case is not a state actor, but rather a private individual, plaintiff may not pursue his § 1983 claims against him.

For the foregoing reasons, plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: December 21, 2005

_____
MAXINE M. CHESNEY
United States District Judge

2